## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT R. MATTHEWS,

        *Plaintiff*,

       v.

UNITED STATES OF AMERICA,

        *Defendant*.

Civil Action No. 21-0760 (RDM)

## <u>ORDER</u>

This case arises from medical treatment that Plaintiff Robert Matthews received on August 21, 2017 at the Veterans Affairs Medical Center's Emergency Department (the "hospital") in Washington, D.C.  Dkt. 36 at 1 (Second Amended Complaint).  He alleges that he was "administered by a wrongful act or omission . . . three injections of Toradol."  *Id.*  Toradol is the brand name for ketorolac tromethamine, a nonsteroidal anti-inflammatory drug.  *Id.* at 1-2. Matthews claims that he suffered a "severe allergic reaction[]" to Toradol.  *Id.* at 8.

Matthews sued in March 2021, Dkt. 1, and filed a second amended complaint in July 2022, Dkt. 36 (hereinafter the "complaint").  Much of the operative complaint appears to quote or summarize (at length) Matthews' medical records.  Dkt. 36 at 1-8.  Three sentences—one at the very end, and two additional sentences buried in the recitation of Matthews' medical records—however, at least arguably touch on the relief that Matthews seeks.  First, and most clearly, the last sentence of the complaint asserts: "The Plaintiff seeks Relief from future severe allergic reactions to medicament treatments that can be avoided by having the Veterans Administration (VA) to implement a necessary step to contact the Allergist on Record or

Allergist on Call 24/7 to screen medications for the possibility of any harmful effects."  Dkt. 36 at 8.  Second, and less clearly, two earlier sentences state:

> While it is plausible that Plaintiff could sufficiently raise an argument for monetary compensation for having the long-term effects of Lymph Edema secondary to angioneurotic edema[,] the Plaintiff's primary concern is to benefit from long term therapy and the prevention of wrongful acts or omissions in the future medicament treatment.  Preventing further devastation to the body in the future the Plaintiff seeks Relief from (ED) and MICU departments that did not reconcile the allergies with the medical records the Computerized Patient Record System (CPRS).

*Id.* at 7.

Defendant moves to dismiss for lack of standing.  Dkt. 32.  As Defendant correctly explains, "[w]hen a plaintiff seeks relief to prevent future injury, as is the case here, standing requires the plaintiff 'to show [that he] is suffering an ongoing injury or faces an immediate threat of injury.'"  Dkt. 32-1 at 7 (second alteration in original) (quoting *Narragansett Indian Tribal Historic Pres. Off. v. FERC*, 949 F.3d 8, 13 (D.C. Cir. 2020) (internal quotation marks omitted); *see also Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011).  A plaintiff seeking to carry his burden with respect to standing, moreover, must do so "with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (collecting cases).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *id.*, but when the plaintiff fails even to seek a form of relief sufficient to sustain Article III jurisdiction, the Court must dismiss the action at the outset.

To the extent that Matthews asks the Court to order the hospital to ensure that it avoids prescribing medications in the future without checking for possible allergic reactions, he has failed to allege an existing or imminent injury in fact.  He has not alleged that it is likely that he will again face a risk of allergic reaction.  *See Lujan*, 504 U.S. at 564 ("Such 'some day'

intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."); *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy.").  To the contrary, according to Matthews' own complaint, he was "educated . . . on the importance of informing health care providers [about] severe allergic reaction, anaphylaxis encounter allergic to NSAIDs," Dkt. 36 at 3-4, and his allergy is now apparently noted in his medical records, *id.* at 7-8.  Because the complaint does not include any allegations even hinting that this injury is likely to recur, Matthews has failed to allege either an ongoing or future injury.  *Cf. Narragansett Indian Tribal Historic Pres. Off.*, 949 F.3d at 13.

Matthews says in his opposition brief that he is actually seeking monetary damages for his past injury.  *See, e.g.*, Dkt. 34 at 3 ("Plaintiff seeks immediate relief . . . that is, monetary compensation for personal injury . . . .").  Although Matthews might amend his complaint for a third time, as currently drafted, it does not include such a claim, and it is well established that a plaintiff "may not amend [his] complaint [in a] brief[] in opposition to a motion to dismiss," *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011).  The closest Matthews comes in his current complaint to seeking money damages is his statement that, "[w]hile it is plausible the Plaintiff could sufficiently raise an argument for monetary compensation for long-term effects," his "primary concern" is the prevention of future harm.  Dkt. 36 at 7.  But that allegation is best read to say that Matthews is *not* seeking money damages: As used in this context, "while" is best understood to mean "in spite of the fact" and "could" to mean "possibly."  In other words, the complaint alleges that Matthews might have alleged a claim for damages but declined to do so, given his focus on

3

preventing a hypothetical, future harm.  Although "[c]omplaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers," *Johnson v. Dinapoli*, No. CV 22-213 (UNA), 2022 WL 539117, at *1 (D.D.C. Feb. 18, 2022), *aff'd*, No. 22-7025, 2022 WL 2154049 (D.C. Cir. June 15, 2022), they must still comply with the Federal Rules of Civil Procedure and must provide a defendant with fair notice of the nature of the plaintiff's claim, *see* Fed. R. Civ. P. 8(a).  If Matthews wants to seek money damages, he must file an amended complaint that does so more clearly than the operative complaint does.[1]

Because Matthews is proceeding pro so, the Court will provide him with one last opportunity to file an amended complaint.  If he chooses to do so, the Court reminds him of his obligations under the Federal Rules of Civil Procedure, including under Rule 8(a), under which he must offer a short, plain statement of the grounds for this Court's jurisdiction, the claim showing he is entitled to relief, and what that requested relief is.  He is also cautioned to follow Rule 10(b), which requires the party to state his claims in numbered paragraphs, and he should clarify which words are his own and which are those from his medical records.

The Court, accordingly, hereby **GRANTS** Defendant's motion to dismiss Plaintiff's second amended complaint, Dkt. 32, and **ORDERS** that the Second Amended Complaint is **DISMISSED** without prejudice.  Matthews may file a third amended complaint within 21 days of this Order.

**SO ORDERED**.

---

[1] Matthews filed a separate action alleging negligent medical treatment in March 2020 in which he is apparently seeking money damages.  *See* Second Am. Compl. at 1, *Matthews v. United States*, No. 21-cv-1607 (D.D.C. April 25, 2022) (Dkt. 9-1 at 1).  In that case, Matthews seems to claim a different type of allergic reaction and, in any event, the complaint in the current case says nothing about the second episode and does not allege that the events were part of a pattern of mistreatment.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 22, 2022